IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IN THE MATTER OF THE            )
EXTRADITION OF MATTHEW          )        1:12MJ218-1
BRADFORD WILSON                 )

**MEMORANDUM OPINION AND ORDER**

    This case comes before the Court on the Opposed Motion for Release on Bond (Docket Entry 9) and Adoption of Motion (Docket Entry 10) filed by Matthew Bradford Wilson. (See Docket Entry dated Jan. 24, 2013.) For the reasons that follow, the Court will deny the instant Motion.

BACKGROUND

    Wilson has been arrested on a Warrant (Docket Entry 2), issued in connection with a Complaint (Docket Entry 1), for purposes of extradition proceedings, pursuant to a treaty between the United States and the Netherlands (see id. at 1-3). (See Docket Entries dated Nov. 30 and Dec. 5, 2012.) The Court has set Wilson's extradition hearing for February 12, 2013. (See Docket Entry dated Dec. 5, 2012.) Through his attorneys, Wilson filed the instant Motion, seeking release on bond. (Docket Entry 9; see also Docket Entry 10 (setting forth adoption by Wilson's local counsel of instant Motion, which specially-appearing counsel had filed).) The United States has responded in opposition. (Docket Entry 11.)

DISCUSSION

"The case law is settled . . . that bail should not be granted in international extradition proceedings except in 'special circumstances.'" In the Matter of the Extradition of Mironescu, 296 F. Supp. 2d 632, 634 (M.D.N.C. 2003) (citing Wright v. Henkel, 190 U.S. 40 (1903)); accord United States v. Zarate, 492 F. Supp. 2d 514, 515 (D. Md. 2007). In his instant Motion, Wilson concedes this point, but argues that a "special circumstance" exists because his counsel in the Netherlands has opined as follows: "'[i]n my professional opinion, Matthew Bradford Wilson has not been charged with a criminal offence by the Public Prosecutors Office, the Governmental body in the Netherlands that is tasked with criminal investigations and criminal prosecutions.'" (Docket Entry 9 at 2 (quoting Docket Entry 9-1 at 1).) The United States has responded, inter alia, by pointing out that the material supplied in support of the Complaint in this case (which came from diplomatic notes) includes "an arrest warrant and a superseding arrest warrant signed by Mrs. Ann Peters, the Public Prosecutor of the Court District Haarlem, and certified as required. The warrants state that Wilson is claimed to have violated Articles 242 and 246 of the Netherlands Penal Code, namely rape and indecent assault and orders that he be arrested for those offenses." (Docket Entry 11 at 10-11; see also Docket Entry 1-1 at 2-4, 24-25, 27-28.)

Wilson's focus on whether formal charges exist within the meaning of Dutch law appears misplaced.  See, e.g., <u>Emami v. United States Dist. Ct. for the N. Dist. of Cal.</u>, 834 F.2d 1444, 1448-49 (9th Cir. 1987); <u>In the Matter of Assarsson</u>, 635 F.2d 1237, 1241-44 (7th Cir. 1980).  Even the one federal appellate court that had shown some willingness to delve somewhat more deeply into such matters recently clarified that a certified warrant of the sort produced by the United States in this case generally establishes that an individual has been "charged" for purposes of extradition treaties containing such requirements.  See <u>Skaftouros v. United States</u>, 667 F.3d 144, 159-60 (2d Cir. 2011).  That approach seems to make sense, given that "it has long been recognized that an extradition judge should avoid making determinations regarding foreign law."  <u>Id.</u> at 156; see also <u>Assarsson</u>, 635 F.2d at 1244 ("We often have difficulty discerning the laws of neighboring States, which operate under the same legal system as we do; the chance of error is much greater when we try to construe the law of a country whose legal system is much different from our own.  The possibility of error warns us to be even more cautious of expanding judicial power over extradition matters.").

At a minimum, Wilson's argument about the precise status of his criminal case under Dutch law does not strike the Court as one so likely to win him relief that it would qualify as a "special circumstance" warranting release pending further proceedings.

-3-

Case 1:12-mi-00218-LPA   Document 12   Filed 02/04/13   Page 3 of 4

Other courts confronted with similar contentions have reached the same conclusion. See In re Atias to Israel, ___ F. Supp. 2d ___, ___, 2012 WL 6808542, at *14 (E.D. Mo. 2012); Borodin v. Ashcroft, 136 F. Supp. 2d 125, 128-32 (E.D.N.Y. 2001). The Court thus will deny the instant Motion.

CONCLUSION

Wilson has not shown the existence of special circumstances that would permit the Court to place him on bond.

**IT IS THEREFORE ORDERED** that Wilson's Opposed Motion for Release on Bond (Docket Entry 9) is **DENIED** and that, to the extent the Docket identifies it as a motion, Wilson's Adoption of Motion (Docket Entry 10) is **TERMINATED**.

**IT IS FURTHER ORDERED** that, on or before February 8, 2013, the parties shall file briefs not to exceed 20 pages (exclusive of any attachments) setting out their position(s) regarding all matters pertinent to the extradition hearing and identifying any evidence they intend to present.

                          /s/ L. Patrick Auld
                             **L. Patrick Auld**
                        **United States Magistrate Judge**

February 4, 2013