IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

In the Matter of the            )
Extradition of                  )      No. 1:12MJ218-1
MATTHEW BRADFORD WILSON         )

**MEMORANDUM OPINION, EXTRADITION
CERTIFICATION, AND ORDER OF COMMITMENT**

The United States commenced this extradition proceeding pursuant to 18 U.S.C. § 3184 and the Treaty on Extradition between the United States and the Netherlands (the "Treaty"). Pursuant to the Treaty, the government of the Netherlands presented formal requests for Matthew Bradford Wilson's extradition on March 20, 2012, and on August 28, 2012, supported by appropriate documentation. Matthew Bradford Wilson was arrested at the request of the Netherlands on November 30, 2012. The government of the Netherlands seeks Wilson's extradition for prosecution for the offenses of rape and indecent assault in violation of Articles 242 and 246 of the Dutch Criminal Code.

On February 12, 2012, this Court conducted an extradition hearing pursuant to 18 U.S.C. § 3184. Based on consideration of the documentary evidence introduced on behalf of the Netherlands, Wilson's opposition to extradition, oral arguments of counsel, and written memoranda, the Court finds that the terms of the Treaty and 18 U.S.C. § 3184 have been met. Specifically, the Court finds the following:

1) this Court has jurisdiction in this matter and the undersigned United States Magistrate Judge has authority to conduct these proceedings;
2) the Treaty constitutes an extradition treaty in force between the United States and the Netherlands;
3) the person who appeared before this Court at the extradition hearing on February 12, 2012, is Wilson and Wilson is the same person who is named in the extradition request from the Netherlands and who is charged in a certified arrest warrant issued by the Public Prosecutor of the Court District Haarlem, the Netherlands, with the offenses of rape and indecent assault, in violation of Articles 242 and 246 of the Dutch Criminal Code;
4) the offenses identified in the certified arrest warrant for Wilson issued by the Public Prosecutor in the Netherlands constitute extraditable offenses within the terms of the Treaty; and
5) the evidence before the Court establishes probable cause to believe Wilson committed the offenses identified in the certified arrest warrant for Wilson issued by the Public Prosecutor in the Netherlands.

As to the matters subject to the foregoing five findings, the Court notes that, at the extradition hearing, Wilson (through his counsel) admitted the first, second, and fourth, and declined to offer any argument as to the fifth. Regarding the matter of the third foregoing finding by the Court, Wilson (through counsel) admitted that he was the person named in the extradition request from the Netherlands and in a certified arrest warrant issued by the Public Prosecutor in the Netherlands; however, Wilson maintained that, notwithstanding such arrest warrant, he was not "charged" with rape and indecent assault for purposes of the Treaty. In making this argument, Wilson focused on the meaning of "charged" under Dutch law, but offered no legal authority to support his position that the question of whether someone is "charged" within the meaning of the Treaty turns upon whether that person is "charged" within the meaning of Dutch law.

In fact, courts construing other treaties containing language similar in relevant respects to the Treaty have rejected that notion. See, e.g., Emami v. United States Dist. Ct. for the N. Dist. Of Cal., 834 F.2d 1444, 1448-49 (9th Cir. 1987); In the Matter of Assarsson, 635 F.2d 1237, 1241-44 (7th Cir. 1980). Moreover, another court recently made clear that a certified arrest warrant of the sort issued by the Public

3

Prosecutor in the Netherlands generally establishes that an individual has been "charged" for purposes of extradition treaties containing such requirements.  See Skaftouros v. United States, 667 F.3d 144, 159-60 (2d Cir. 2011).  The Court deems that approach sound, in light of the long-standing "recogni[tion] that an extradition judge should avoid making determinations regarding foreign law."  Id.; see also Assarsson, 635 F.2d at 1244 ("We often have difficulty discerning the laws of neighboring States, which operate under the same legal system as we do; the chance of error is much greater when we try to construe the law of a country whose legal system is much different from our own.  The possibility of error warns us to be even more cautious of expanding judicial power over extradition matters.").  Finally, the Court notes that "excessive focus on nomenclature injects the 'savor of technicality' disfavored in the field of treaty analysis."  In re Extradition of Basic, No. 5:11MJ5002REW, 2012 WL 3067466, at *19 (E.D. Ky. July 27, 2012) (unpublished) (quoting Skaftouros, 667 F.3d at 160).

    **IT IS THEREFORE ORDERED** that this matter is certified to the Secretary of State, pursuant to 18 U.S.C. § 3184, in order that a warrant may issue for the surrender of Matthew Bradford Wilson to the proper authorities of the Netherlands in

4

accordance with the Treaty on Extradition between the United States and the Netherlands.

**IT IS FURTHER ORDERED** that Matthew Bradford Wilson is committed to the custody of the United States Marshal, or his authorized representative, for confinement in appropriate facilities until his surrender to the Netherlands pursuant to applicable provisions of the Treaty on Extradition between the United States and the Netherlands and United States law.

**IT IS FURTHER ORDERED** that the Clerk of Court deliver to the United States Attorney for the Middle District of North Carolina, the United States Secretary of State, and the Director, Office of International Affairs, Criminal Division, United States Department of Justice, certified copies of this Memorandum Opinion, Extradition Certification, and Order of Commitment for appropriate disposition.

This 25th day of February, 2013.

>        /s/ L. Patrick Auld
>           L. Patrick Auld
>     United States Magistrate Judge